LOUIS LANG, Respondent, *v.* MATTHIAS J. SEVERANCE, Appellant.

*Supreme Court, Third Department, General Term, December* 28, 1889.

*Sale. Option.*—Where, by the terms of the contract of sale, the vendee has an option to take the goods and sell them if he can, and, if unsuccessful, to return what remains unsold, such option is to be exercised within a reasonable time, and the question whether he exercises reasonable diligence in availing himself of such option is one of fact.

Appeal from judgment on report of referee.

Action by Louis Lang against Matthias Severance, on account of a quantity of whisky sold to defendant. The case was referred, and the findings of facts and judgment were for plaintiff. Defendant appeals.

Argued before LEARNED, P. J., and LANDON and INGALLS, JJ.

*M. J. Severance, Jr.,* for appellant.

*George H. Stevens,* for respondent.

INGALLS, J.—This action was brought by the plaintiff to recover for a quantity of whisky sold to the defendant, and defended by the latter upon the ground, substantially, that the same was purchased upon condition, viz., that defendant was to receive the whisky, give away a half gallon to his customers, to enable them to test the same, with the view to introduce it upon the market, and the defendant was to pay for whatever quantity he sold, and to return to the plaintiff the residue. It appears that the whisky was received by the defendant on the 14th day of December, 1886,

and, after distributing the half gallon, he sold eight and one-half gallons, leaving unsold, and in his possession, at the time of the commencement of the action, fifteen gallons. The referee has found the following facts and conclusions of law :

" FACTS. *First,* that on the 14th day of December, 1886, the plaintiff sold and delivered to the defendant twenty-three and one-half gallons of malt whisky, at two and 50-100 dollars per gallon ; one barrel containing said whisky of the value of one dollar and fifty cents, cartage paid for the same, making a total value of sixty and 75-100 dollars; *second,* that the contract under which goods were sold was that the defendant was to be allowed to give a half gallon or a gallon of the whisky to his friends, for the purpose of introducing it, and, if he could not sell it, he was to pay for what he sold, and return the balance to the plaintiff ; *third,* that on the 14th day of April, 1887, the plaintiff notified the defendant that he, the plaintiff, had drawn, by sight draft for the amount of the claim, sixty and 75-100 dollars ; *fourth,* that Matthias J. Severance, Jr., a son of the defendant, under the direction of the defendant, wrote and mailed, on the day the defendant received the notice of draft, a letter to the plaintiff, in which he stated that four or five gallons of the whisky had been used ; that he would return the balance of the whisky and send a check for the amount used ; *fifth,* that said letter was never received by the plaintiff, and that the defendant did not return the balance of the whisky, nor did he send a check for the amount used; *sixth,* that after the writing of the letter by Matthias J. Severance, Jr., and within a few days after the defendant received the notice of draft, Frank Severance, a son of the defendant, wrote and mailed a letter to the plaintiff in the name of the defendant, in which he stated there had been two or three gallons of the whisky used; that he would send a check in the month of May, following, for part of the claim, and the balance later ; *seventh,* that said Frank Severance had at other times written business

letters for the defendant; *eighth*, that the next day after the writing and mailing of this letter, the said Frank Severance communicated to the defendant the fact of his writing and mailing this letter, and its contents ; *ninth*, that the defendant never notified the plaintiff that this letter was not written by the defendant, or that he, the defendant, would not be bound by its contents ; *tenth*, that the letter written by Frank Severance was received by the plaintiff ; *eleventh*, that the defendant did not notify the plaintiff or his agents that he, the defendant, desired to return the whisky, until February, 1888, after suit was threatened; *twelfth*, that the defendant has sold eight and one-half gallons of the whisky ; *thirteenth*, that the defendant had in his possession unsold at the time of the commencement of this action fifteen gallons of said whisky ; *fourteenth*, that the defendant offered to return the said fifteen gallons of the said whisky in his possession, and unsold, before the commencement of this action ; *fifteenth*, that the defendant has not sold or used any of said whisky since said offer to return the same was made in February, 1888 ; *sixteenth*, that the defendant has not returned the said whisky, and that his offer to return the same, made in February, 1888, was not made within a reasonable time."

" As CONCLUSIONS OF LAW. *First*, that the defendant has accepted the said whisky ; *second*, that the plaintiff is entitled to recover of the defendant, on account of said whisky sold and delivered, the sum of sixty and 75-100 dollars, with interest thereon from the 14th day of April, 1887."

We think the findings of the referee are sustained by the evidence. By the terms of the contract of sale, the defendant had an option to take the whisky, and, after giving away the half gallon, to sell the residue if he could, and if unsuccessful, to return whatever remained unsold. Such option was to be exercised by the defendant within a reasonable time. The evidence shows that the whisky was delivered to the defendant December 14, 1886, and the offer to return what remained unsold was made in February, 1888. Whether

the defendant exercised reasonable diligence in availing himself of such option became a question of fact for the determination of the referee, and he has found that question adversely to the defendant, upon evidence which we think justified his conclusion, under all the facts and circumstances of the case. Crandall *v.* Haskins, 10 N. Y. St. Rep. 107; Johnson *v.* Trask, 40 Hun, 415, 417.

We have examined the exceptions taken by the defendant's counsel upon the trial, and discover no error committed by the referee prejudicial to the defendant's case. The judgment must be affirmed, with costs. All concur.